Dr. William B. DRAGAN, Plaintiff,

v.

L.D. CAULK CO., DIVISION OF
DENTSPLY INTERNATIONAL,
INC., Defendants.

Civ. A. No. 84–707–JJF.

United States District Court,
D. Delaware.

Dec. 31, 1985.

Arthur T. Fattibene (argued), Southport,
Conn., and Taylor W. Hanavan of Connolly,
Bove, Lodge & Hutz, Wilmington, Del., for
plaintiff.

Albert W. Preston, Jr. (argued) of Wood-
cock, Washburn, Kurtz, Mackiewicz & Nor-
ris, Philadelphia, Pa., Edward J. Hanson,
Jr. of Dentsply Intern., Inc., and Henry N.
Herndon, Jr. of Morris, James, Hitchens &
Williams, Wilmington, Del., for defendants.

## OPINION

FARNAN, District Judge.

This patent action consists of two consol-
idated cases. The first case, *Dentsply In-
ternational, Inc. v. Centrix, Inc.*, Civil Ac-
tion No. 84–708, is an action for a declara-
tory judgment of non-infringement and in-
validity of three separate patents, U.S. Pat-
ent No. 3,581,399 (hereinafter the '399 pat-
ent); U.S. Patent No. 3,900,954 (hereinafter
the '954 patent); and U.S. Patent No.
4,198,756 (hereinafter the '756 patent).
The second case, *Dr. William V. Dragan
v. L.D. Caulk Co., Division of Dentsply
International, Inc.*, Civil Action No. 84–

707, alleges infringement of the '756 patent, as well as related claims of unfair competition. Also, Centrix, Inc. (hereinafter "Centrix"), in its Answer and through Counterclaims in Civil Action 84–708, alleges infringement of the '399 patent along with related claims of unfair competition, trade secret appropriation, impairment of contract, and breach of implied contract.

The matter before the Court is a Motion for Partial Summary Judgment by Dentsply and Caulk (hereinafter jointly "Dentsply") that Claim 10 of the '399 patent is not infringed by the Caulk "compule", that Claim 10 of the '399 patent is invalid, and that the '756 patent is not infringed by the Caulk compule. The motion also seeks dismissal of Centrix's Counterclaim Count 1 in 84–708, asserting infringement by Dentsply of Claim 10 of the '399 patent, Centrix's counterclaim 6, asserting infringement by Dentsply of the '756 patent, and Count 1 of 84–707, asserting infringement by Dentsply of the '756 patent.

DISCUSSION.

Dr. Dragan is the inventor of the three patents at issue in these suits. These patents all relate to dental syringes and disposable tubes or tips used for placing composite resin filling materials in teeth. At issue in this motion is Claim 10 of the '399 patent, and Claims 1–3 of the '756 patent.

*Standard for Summary Judgment.*

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In deciding a motion for summary judgment, the District Court does not decide issues of fact, rather, it determines whether any genuine issue of material fact exists. *Ness v. Marshall,* 660 F.2d 517, 519 (3rd Cir.1981). The moving party

has the burden of proving that no genuine issues of material fact exist. *Gans v. Mundy,* 762 F.2d 338, 341 (3rd Cir.1985). Any factual inferences drawn from the evidence submitted by the parties must be viewed in the light most favorable to the party opposing the motion, and any reasonable inferences in favor of the non-moving party must be made. *Continental Insurance Co. v. Bodie,* 682 F.2d 436, 438 (3rd Cir.1982); *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3rd Cir.1976). Only where the facts are undisputed or "the evidence is so one-sided that it leaves no room for any reasonable differences of opinion as to any material fact," should the District Court decide the case as a matter of law. *Tunis Brothers Co., Inc. v. Ford Motor Co.,* 763 F.2d 1482, 1489 (3rd Cir. 1985).

*Non-infringement of Claim 10 of the '399 patent.*

The relevant portions of Claim 10 of the '399 patent describe:

A carrier for dental material comprising:

A plastic transparent body defining a capsule including a reservoir portion having a full open end and a connected discharge tip portion, ...

Said tip end tapering inwardly toward the initially sealed tip end.

Dentsply argues that its Caulk compule cannot infringe Claim 10 as a matter of law because, according to the undisputed facts, it does not have the "plastic transparent body" described in Claim 10.[1] Rather, it alleges that the compule is "opaque", not "transparent". Dentsply's Appendix, D.I. 113A, at A6–A26. Also, Denstply argues that Dr. Dragan has admitted that the compule is "opaque". Dragan Deposition, Dentsply's Appendix, D.I. 184A, at A207. Thus, Dentsply argues that there is no issue that its compule is "opaque", and not "transparent", and thus cannot infringe Claim 10.

---

1. In its briefs, Dentsply also argues that the Caulk compule does not have the "tip end tapering inwardly" described in Claim 10. At oral argument, counsel for Dentsply stated that, for

purposes of this motion, Dentsply concedes that this element of Claim 10 is present in the compule. Therefore, the Court need not address this issue at this time.

Contrary to Denstply's assertions, however, it appears that Dragan does contend that the Caulk compule is not completely "opaque". Dragan Affidavit, Dragan and Centrix's Appendix, D.I. 175A, at A346. In support of this assertion, Dragan alleges that Dentsply prints warnings to dentists on compule packages, that the compule should be shielded from sunlight. Dragan Affidavit, D.I. 175A, Ex. 3, at A349.

Where an accused device embodies every element of the claim at issue, the device is said to "literally infringe" the claim. *Fay v. Cordesman*, 109 U.S. 408, 420–21, 3 S.Ct. 236, 244–45, 27 L.Ed. 979 (1883); *Builders Concrete v. Bremerton Concrete Products*, 757 F.2d 255, 257 (Fed. Cir.1985). Although it is a close question, there is in this case a genuine issue of material fact as to whether the Caulk compule is in fact "transparent", and thus literally infringes Claim 10.[2] A fact finder might reasonably infer from the warning Dentsply allegedly prints on its boxes that the Caulk compule was light-permeable, and not completely "opaque". Although Denstply has presented other evidence that the Caulk compule is in fact completely opaque, the Court's function for purposes of summary judgment is not to weigh competing facts, but merely to decide whether a factual dispute exists. Since the Court must resolve all doubts and draw all inferences in favor of Dr. Dragan and Centrix, summary judgment for Dentsply on the issue of non-infringement of Claim 10 must be denied.

Dentsply also alleges that Dragan and Centrix are estopped, under the doctrine of "file wrapper estoppel", from asserting a scope of Claim 10 which would cover the Caulk compule.

The doctrine of "file wrapper estoppel" limits application of the doctrine of equivalents. A device which does not literally infringe a patent claim might still infringe the claim as an equivalent device if it "performs substantially the same function in substantially the same way to obtain the same result". *Graver Tank Co. v. Linde Air Products Co.*, 339 U.S. 605, 610, 70 S.Ct. 854, 857, 94 L.Ed. 1097 (1950).

However, under the doctrine of "file wrapper estoppel", a patentee is precluded from asserting a claim construction which would include a scope of the claim which the patentee changed during prosecution of his patent, in response to objections by the patent examiner, in order to obtain the patent grant. *Thomas & Betts Corp. v. Litton Systems, Inc.*, 720 F.2d 1572, 1579 (Fed.Cir.1983); *Builders Concrete*, 757 F.2d at 258. Thus, this doctrine limits a patentee's reliance on the doctrine of equivalents by preventing him from contending later in an infringement action that his claims should be interpreted as if limitations added during prosecution of the patent were not present, or that claims abandoned were still present. *Thomas & Betts Corp.*, 720 F.2d at 1579.

Dentsply argues that the "transparent" element in Claim 10 was added during prosecution of the patent in order to overcome prior art cited by the patent examiner. Thus, Dentsply argues that Dragan and Caulk are now estopped from claiming a scope of Claim 10 which would include an "opaque" device such as the Caulk compule. However, since the Court has found that there is a material issue of fact as to whether the compule literally infringes Claim 10, the Court need not, for purposes of this motion, reach the issues of infringement by equivalents and file wrapper estoppel. *See Builders Concrete*, 757 F.2d at 258.

### *Invalidity of Claim 10.*

Dentsply also argues that Claim 10 of the '399 patent is invalid under the terms of 35 U.S.C. § 102 and § 103 because all of its innumerated elements are found in prior art that was not considered by the patent examiner. Dentsply also alleges that much of this prior art was known to Dr. Dragan prior to his filing of the application for the '399 patent. Specifically, Dentsply alleges that the "Dent-o-Lux filling tube and filling plier", the "Coe-Impression material nozzle", the "Kerr impression syringe", and the "Mercitan Cream publications", contained all distinguishing elements of Claim 10, and were not disclosed to the patent office. Dentsply Appendix, D.I. 113A, at A62–A124.

---

**2.** With the exception of the "tip end tapering inwardly" element, Dentsply has not argued that

other elements of Claim 10 are absent from its Caulk compule.

■ Dragan and Centrix deny that the prior art cited by Dentsply anticipates the '399 patent, or that Dragan withheld any relevant prior art from the patent office during prosecution of the patent. Thus, whether the prior art cited by Dentsply in fact contains the distinguishing elements of the '399 patent is clearly a material issue of fact precluding summary judgment.

*Non-infringement of the '756 patent.*

Dentsply alleges that the following elements from Claim 1 of the '756 patent are not found in the Caulk compule:

An elongated tubular barrel, said barrel having a front and rear end,

Said front end having an inturned flange defining a front opening,

Said barrel having a side breach opening adjacent said front end, ...

An actuating lever pivotally connected directly to one end of said pistol grip member for movement toward and away from said pistol grip member, ...

Said lever having a cam surface thereon disposed in engagement with said plunger whereby the movement of said lever toward said pistol grip member affects displacement of said plunger toward the protracted position ...

With respect to its allegations that the compule handle does not have "a cam surface" or that he actuating lever is not "pivotally connected directly to one end of said pistol grip member", Dentsply argues that these limitations were added to Claim 1 specifically to distinguish the Sundholm reference, U.S. Patent No. 3,341,085. Dentsply's Appendix, D.I. 113A, at A187–A193. It argues that the compules arrangement is equivalent to the Sundholm reference with respect to both of these elements, thus the compule, as a matter of law, cannot infringe the '756 patent. Dentsply also argues that the compule does not have an inturned flange at the front end of the barrel, as described in Claim 1.

■ Despite Dentsply's assertions, it is clear that material issues of fact remain with respect to all of these elements. For instance, whether the compule is in fact equivalent to Sundholm, and whether it in fact has an inturned flange, remains at issue. Thus, summary judgment for Dentsply on the issue of non-infringement of patent '756 must be denied.